IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00606–CMA-KMT

JOSEPH BODEN, and
DAVID VIGIL,

      Plaintiff,

v.

HMSHOST CORPORATION, and
HOST INTERNATIONAL, INC.,

      Defendants.

---

## ORDER

---

      This matter comes before the court on "Defendants' Motion to Stay and Vacate Scheduling Conference and Related Deadlines."  (Doc. No. 18, filed May 28, 2015.)  Plaintiffs filed their response in opposition on June 8, 2015 (Doc. No. 21) and Defendants filed a reply on June 10, 2015 (Doc. No. 22).  For the following reasons, Defendants' Motion to Stay is DENIED.

      Plaintiffs' Amended Complaint, filed May 4, 2015, asserts a claim for unpaid wages, including overtime compensation, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*  (*See generally* Am. Compl., Doc. No. 14.)  Plaintiffs admits that they previously asserted FLSA claims as opt-in plaintiffs in *Easton v. Stevens, et al.,* Case Number 10-cv-3571 (E.D.N.Y.).  (*See* Am. Compl. ¶ 35.)  However, after that collective action was decertified, Plaintiffs filed suit in this court.

On May 18, 2015, Defendants filed a Motion to Dismiss (Doc. No. 17) arguing that Plaintiffs' Amended Complaint fails to allege facts supporting a willful violation of the FLSA and that, as a consequence, the Amended Complaint is barred by the statute of limitations applicable to non-willful violations of the FLSA. *See* 29 U.S.C. § 255(a) (providing that FLSA claims are governed by a two-year statute of limitations, unless the violation is willful, in which case the limitations period is three years). Defendants' present Motion to Stay seeks to stay discovery until ruling on their Motion to Dismiss.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme

circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).  In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.  As a result, stays of all discovery are generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved.  *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Defendants argue that the first *String Cheese* factor favors a stay because Plaintiffs waited over six months after the *Eaton* collective action was decertified before filing the present action and that, as a consequence, Plaintiffs would not be prejudiced by waiting a "few additional months" for a ruling on Defendants' Motion to Dismiss. (Mot. Stay at 4.) The court does believe that Plaintiffs' delay in filing this action was at all palpable, much less sufficient to overcome Plaintiffs' presumed interest in proceeding with discovery. *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.,* No. 11-cv-01468-WJM-BNB, 2011 WL 4018207, at *2 (D. Colo. Sep. 8, 2011) (Federal Rules of Civil Procedure presume that discovery may proceed despite the filing of a motion to dismiss, absent special circumstances); *Gold, Inc. v. H.I.S. Juveniles, Inc.,* 14-cv-02298-RM-KMT, 2015 WL 1950900, at *2 (D. Colo. Apr. 8, 2015) (finding that five year delay between sending initial cease and desist letter and filing copyright suit was not sufficient to rebut the plaintiff's interest in proceeding with discovery). Indeed, if anything, the court believes the fact that Plaintiffs' prior attempts to obtain relief were thwarted by the decertification ruling in *Eaton* actually bolsters Plaintiffs' interest in proceeding expeditiously with their individual claims here.

Moreover, the court is not convinced that proceeding with discovery would impose a significant, countervailing burden on Defendants. Defendants do not maintain that the court lacks jurisdiction over Plaintiffs' claim or that they are entitled to immunity therefrom—rather it simply moves to dismiss Plaintiffs' Amended Complaint as time-barred pursuant to Rule 12(b)(6). Granting a stay under these circumstances would suggest that a stay of discovery is

appropriate nearly any time a defendant files a motion to dismiss.  This result would not only be contrary to the disfavored status of stays in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).  Moreover, Defendants do not provide any specific arguments to support their position that discovery in this action may be "potentially expensive."  (Mot. at 4.)  *See also Christou v. Beatport, LLC,* No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *2 (D. Colo. Feb. 10, 2011) (finding second *String Cheese* factor failed to weigh in favor of a stay where the defendant did not set forth any specific argument regarding how or why discovery would be "unusually expensive and protracted").

Finally, neither the interests of nonparties nor the public interest in general prompts the court to reach a different result.  Although Defendants maintain that non-party witnesses will be unnecessarily inconvenienced if discovery were to proceed prior to a ruling on their motion to dismiss, this concern, once again, is not unique to this case and, therefore, does not support the disfavored remedy of a stay of discovery.  Further, the public interest favors the prompt and efficient handling of all litigation.  *Sanaah,* 2009 WL 980383, at *1.

Altogether, upon balancing the appropriate factors, the court finds that a stay of discovery

is unwarranted in this case.  Therefore, it is

ORDERED that "Defendants' Motion to Stay and Vacate Scheduling Conference and Related Deadlines" (Doc. No. 18) is DENIED.

Dated this 19th day of June, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge