**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-00606-CMA-KMT

JOSEPH BODEN, and
DAVID VIGIL,

      Plaintiffs,

v.

HMSHOST CORPORATION, and
HOST INTERNATIONAL, INC.,

      Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

---

      Because David Vigil and Joseph Boden (collectively, "Plaintiffs") have adequately pled that HMSHost Corporation and Host International (collectively, "Defendants") willfully violated the Free Labor Standards Act ("FLSA"), Defendants' Motion to Dismiss is denied.  (Doc. # 17.)

## I.    <u>BACKGROUND</u>

**A.    FACTUAL ALLEGATIONS**

      Defendants are in the business of managing and overseeing food and beverage concessions in malls, airports, and other travel facilities across the country.  (Doc. # 14 at ¶ 15.)  Defendants employ more than 20,000 employees and serve more than 1 billion travelers per year.  (*Id.*)  Plaintiff Vigil worked at Defendants' Denver International Airport location from January 2009 to September 2010, and Plaintiff Boden worked at

their Colorado Mills location in Lakewood, Colorado from January 2009 to August 2011.[1]  (*Id.* at ¶¶ 10, 7.)  During the relevant time, both Plaintiffs worked as assistant unit managers ("AMs"), often in excess of forty hours per week.  (*Id.* at ¶¶ 8, 11, 16, 17.)

Because Plaintiffs were salaried employees, Defendants did not allow them to report more than forty hours of work per week.  (*Id.* at ¶ 31.)  However, Plaintiffs often worked in excess of forty hours to complete the unfinished tasks of other non-exempt employees.  (*Id.* at ¶ 33.)  Defendants nonetheless classified Plaintiffs as exempt employees, paying them salary and not compensating them for the additional hours they worked, including overtime compensation.  (*Id.* at ¶ 23.)

Rather than observe the actual tasks AMs were performing, Defendants classified all AMs as "exempt" employees based on their job description.  (*Id.* at ¶ 26; Doc. # 23–1 at 53:4–6.)  In practice, Plaintiffs were minimally involved in FLSA-exempt functions such as hiring and firing.  (Doc. # 14 at 5, ¶¶ 19–20.)  Instead, Plaintiffs spent the majority of their time performing manual work, including busing and waiting tables, cooking, cashiering, and checking inventory.  (*Id.* at ¶ 18.)  AMs were performing much of this non-exempt work because Defendants' labor budget allocation was insufficient to

---

[1] Defendants ask the Court to take judicial notice that Plaintiff Boden's true date of termination was in August 2010, rather than August 2011, as alleged in the Complaint.  (Doc. # 17 at 3.)  To take judicial notice of a fact requires a court to find the fact is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  In this case, the parties dispute the date of Plaintiff Boden's termination, and Defendants' production of the "Notice of Termination" does not resolve this dispute.  The Notice of Termination is hearsay; it is an internal handwritten document drafted by one of defendants' employees purported to show that Plaintiff Boden's last day was August 19, 2010.  Therefore, it is inappropriate for the Court take judicial notice of this fact.

cover all the hours necessary for non-exempt employees to complete the non-exempt tasks. (*Id.* at ¶ 27.)

## B.   PROCEDURAL HISTORY

Plaintiffs opted into a conditionally certified collective action brought in the Eastern District of New York, encaptioned *Easton Stevens v. HMSHOST Corporation, et al.*, Case No. 10-cv-03571-ILG-VVP.  After the class in *Stevens* was decertified, Plaintiff filed a Complaint in this Court alleging that Defendants willfully violated the FLSA.  (Doc. # 1.)  On April 14, 2015, Defendants filed a Motion to Dismiss.  (Doc. # 5.) On May 4, 2015, Plaintiffs filed an Amended Complaint.  (Doc. # 14.)  Defendants filed the instant Motion to Dismiss on May 18, 2015.  (Doc. # 17.)  Plaintiffs responded on June 11, 2015 (Doc. # 23), and Defendants replied on July 9, 2015 (Doc. # 31).

## II.   <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss, a complaint must contain enough facts, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).  A claim is "plausible" if the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The district court "must accept all allegations as true and may not dismiss

on the ground that it appears unlikely the allegations can be proven." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

If extraneous materials outside the pleadings are used in deciding a Rule 12(b)(6) motion to dismiss, the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56." *David v. City & Cty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). Notwithstanding this rule, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Brown v. Montoya*, 662 F.3d 1152, 1166 (10th Cir. 2011).

In their Amended Complaint, Plaintiffs refer to a deposition of HMSHost's Vice President of Compensation, Coleman Lauterbach. (Doc. # 14 at 9.) Both parties append portions of the deposition transcript in their briefs, and neither party disputes the authenticity of the deposition transcript. (Doc. ## 17, 23, 31.) As such, although the Court finds that Plaintiffs stated a claim notwithstanding Mr. Lauterbach's testimony, it will consider the deposition in analyzing the instant Motion.

### III.    DISCUSSION

Plaintiffs allege that Defendants willfully violated the FLSA by misclassifying Plaintiffs as exempt and failing to adequately compensate them for their work, including overtime. Defendants do not attack the sufficiency of the facts underlying the FLSA violations themselves; rather, they contend that the Amended Complaint lacks factual support for the element of willfulness necessary to extend the statute of limitations from two years to three years. (Doc. # 17.) Thus, for the purposes of this Motion, the Court

will assume Defendants violated the FLSA, and will address only whether Plaintiffs pled sufficient facts to show willfulness under 29 U.S.C. § 255(a).

Under the FLSA, claims of unpaid wages and overtime compensation are subject to a two-year statute of limitations.  29 U.S.C. § 255(a) (2015).  If the violation was willful, the statute of limitations increases to three years.  *Id.*  Because Plaintiffs' employment with Defendants occurred more than two years before they filed their Complaint, Plaintiffs must show willfulness to state a viable claim.  Defendants argue that Plaintiffs' allegations of willfulness are conclusory and lack any factual support. (Doc. # 17.)

To show willfulness, a plaintiff must allege facts showing that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Although an employer's failure to consult with counsel by itself is insufficient to show recklessness, "the court's operative inquiry focuses on the employer's diligence in the face of a statutory obligation."  *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011); *see also* 29 C.F.R. § 578.3 (2001) ("[A]n employer's conduct shall be deemed to be in reckless disregard of the requirements of the Act, among other situations, if the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry.").

Whether an FLSA violation is willful is a mixed question of law and fact, but factual issues predominate.  *See Pabst v. Okla. Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000) (citation omitted).  "All of the facts and circumstances surrounding the

violation shall be taken into account in determining whether a violation was willful." 29 C.F.R. § 578.3.

In this case, Plaintiffs are seeking unpaid wages and overtime compensation that resulted from Defendants' misclassification. (Doc. # 14 at 14.) Plaintiffs allege that Defendants classified all AMs as exempt without conducting a person-by-person analysis of the AMs' actual job duties. (Doc. # 14 at 6, ¶¶ 25, 26.) Specifically, Plaintiffs contend that Defendants were aware, or should have been aware, that despite their formal job titles, Plaintiffs were performing primarily non-exempt duties. (Doc. # 14 at ¶ 29.) In support of this contention, Plaintiffs point to the sheer size and complexity of Defendants' operations to demonstrate that Defendants knew how to comply with the FLSA, but failed to make an adequate inquiry into AMs' proper classification. (Doc. # 23 at 2.) *See Donovan v. Simmons Petroleum Corp.*, 725 F.2d 83, 85 (10th Cir. 1983) (affirming trial court's finding of willfulness based, in part, on the "size and complexity of the [e]mployer's operation"); *Morgan v. Family Dollar Stores, Inc.*, 552 F.3d 1233, 1248, 1280–81 (11th Cir. 2008) (finding jury's conclusion that employer willfully violated the FLSA was supported, in part, on the employer's complex corporate structure).

Plaintiffs additionally allege that Defendants underfunded the labor budgets for individual stores. (Doc. # 14 at ¶ 27.) This allegation gives rise to a plausible inference that Defendants budgeted non-exempt employees to work 40 hours or less per week in order to avoid compensating those employees for overtime, while exempt employees were required to work overtime without additional pay to complete non-exempt tasks. *See Kellgren v. Petco Animal Supplies, Inc.*, No. 13cv644–L, 2014 WL 2558688, at *3

(S.D. Cal. June 6, 2014) (finding an allegation of intentionally underfunded labor budgets "alone is sufficient to establish that [plaintiff] has adequately pled willfulness"); *Morgan*, 551 F.3d at 1252, 1280 (11th Cir. 2008) (finding jury's conclusion that employer willfully violated the FLSA was supported, in part, by a defendant's underfunded labor budgets).

Utilizing the deposition of Mr. Lauterbach, Plaintiffs further allege that Defendants failed to consider the governing regulation when classifying the AMs.  In his deposition, Mr. Lauterbach explained that Defendants relied on the AM job description to classify AMs across the board as exempt.  (Doc. # 23–1 at 53:4–6.)  He also admitted that in determining the AMs' classification, he never sought legal counsel, never observed AMs' daily tasks, never determined how much exempt versus non-exempt work AMs were actually performing, and never compared AMs' wages with hourly employees' wages for classification purposes.  (Doc. # 14 at ¶¶ 37–39.)

Taken together and viewed as a whole, *see* 29 C.F.R. § 578.3, these allegations support a reasonable inference that Defendants, as large and resourceful companies, did not use due diligence to meet their statutory obligations under the FLSA.  *See Morgan*, 551 F.3d at 1280–81 (finding that employer's failure to adequately study employee's proper classification supported jury's finding of willfulness); *Stillman v. Staples, Inc.*, No. 07–849 (KSH), 2009 WL 1437817, at *12–13 (D. N.J. May 15, 2009) (finding the jury had sufficient evidence to conclude that employer's one-day self-audit was insufficient to show compliance with the FLSA); *Terwilliger v. Home of Hope, Inc.*, 21 F. Supp. 2d 1294, 1304 (N.D. Okla. 1998) (denying summary judgment because

disputed facts remained about the length and type of employer's exemption investigations); 29 C.F.R. § 578.3 (noting that an employer may recklessly disregard FLSA requirements when it fails "to make adequate further inquiry" or "should have inquired further into whether its conduct was in compliance with the Act").

In response to these allegations, Defendants argue that Plaintiffs provide no details or concrete facts to support their allegations of willfulness. For example, Defendants contend that Plaintiffs "claim that Host intentionally underfunds its labor budgets without an iota of factual support." (Doc. # 17 at 12.) However, factual allegations are not conclusory merely because they lack evidentiary support. For the purposes of a motion to dismiss, Plaintiffs do not need to prove the allegations are true; rather Plaintiffs "must plead sufficient facts taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). Indeed, Plaintiffs' allegations are factual contentions that plausibly support the element of willfulness.

Defendants also argue that because Mr. Lauterbach was not required to seek legal counsel or investigate AMs' classification status, his failure to do so does not show willfulness. However, the mere fact that employers are not **required** to perform certain actions in classifying their employees under the FLSA does not conclusively rebut willfulness, particularly at the pleading stage. Defendants further contend that Plaintiffs mischaracterize Mr. Lauterbach's testimony. This argument only supports the conclusion that the Amended Complaint should survive a motion to dismiss in order to resolve the parties' factual disputes in later proceedings.

In sum, at this stage of litigation, Plaintiffs have alleged sufficient facts to support a plausible inference that Defendants willfully violated the FLSA.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss. (Doc. # 17.)

DATED:  July 28, 2015

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge